# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| V. | § | CASE NO. 4:08CR94 |
| GRACIELA BUSTOS | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On March 9, 2009, the court held a final hearing on the government's Petition to Revoke Supervised Release (#2). The government was represented by Assistant United States Attorney Steven Buys. The defendant was represented by Robert Arrambide.

Graciela Bustos was sentenced on September 20, 2006, before the Honorable U.S. District Judge Sam Sparks of the Western District of Texas – Austin Division, after pleading guilty to the offense of Possession with Intent to Distribute Cocaine, a Class B felony. The guideline imprisonment range, based on a total offense level of 30 and a criminal history category of III, was 121 to 151 months. Graciela Bustos was subsequently sentenced to 132 months imprisonment followed by a five year term of supervised release subject to the standard conditions of release, plus certain special conditions of release to include drug aftercare, and a $100 special assessment. On February 6, 2006, Graciela Bustos completed her period of imprisonment and began service of the supervision term. On May 2, 2008, jurisdiction of this case was transferred to the Eastern District of Texas.

On February 13, 2009, the instant petition to revoke was filed. In its petition, the government alleges that the defendant violated the following conditions:

1) The defendant shall not commit another federal, state, or local crime during the term of

supervision. Specifically, the government alleges as follows: On December 5, 2008, the defendant was convicted of the offenses of Possession of a Controlled Substance-Methadone, less than one (1) gram, Collin County, Texas case no. 219-81079-08; and Possession of a controlled Substance-Hydromorphone, less than one (1) gram, Collin County, Texas case no. 219-81080-08. The defendant was sentenced to two (2) years deferred adjudication probation on both cases. These offenses occurred on March 9, 2008 and were originally filed as felonies; however, they were subsequently reduced to Class A misdemeanors.

    2) The defendant shall not illegally possess a controlled substance. Revocation of probation and supervised release is mandatory for possession of a controlled substance. Specifically, the government alleges as follows: On December 5, 2008, the defendant was convicted of the offenses of Possession of a Controlled Substance-Methadone, less than one (1) gram, Collin County, Texas case no. 219-81079-08; and Possession of a controlled Substance-Hydromorphone, less than one (1) gram, Collin County, Texas case no. 219-81080-08. The defendant was sentenced to two (2) years deferred adjudication probation on both cases. These offenses occurred on March 9, 2008 and were originally filed as felonies; however, they were subsequently reduced to Class A misdemeanors.

    3) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances. Specifically, the government alleges as follows: Specifically, the government alleges as follows: On December 5, 2008, the defendant was convicted of the offenses of Possession of a Controlled Substance-Methadone, less than one (1) gram, Collin County, Texas case no. 219-81079-08; and Possession of a controlled Substance-Hydromorphone, less than one (1) gram, Collin County, Texas case no. 219-81080-08. The defendant was sentenced to two (2) years deferred adjudication probation on both cases. These offenses occurred on March 9, 2008 and were originally

filed as felonies; however, they were subsequently reduced to Class A misdemeanors.

4) The defendant shall not commit another federal, state, or local crime during the term of supervision. Specifically, the government alleges as follows: On March 9, 2008, at the time of her arrest on the aforementioned offenses, the defendant was also arrested by Plano Police Department for the offense of Public Intoxication, case no. 2008-017-075. According to the arrest report, the defendant admitted to the arresting officer that she had consumed approximately ten (10) beers at a local restaurant. She was convicted of this offense on March 11, 2008, in Plano Municipal Court, and was given credit for time served.

5) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances. Specifically, the government alleges as follows: Specifically, the government alleges as follows: On March 9, 2008, at the time of her arrest on the aforementioned offenses, the defendant was also arrested by Plano Police Department for the offense of Public Intoxication, case no. 2008-017-075. According to the arrest report, the defendant admitted to the arresting officer that she had consumed approximately ten (10) beers at a local restaurant. She was convicted of this offense on March 11, 2008, in Plano Municipal Court, and was given credit for time served.

6) The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the U. S. Probation Office. Specifically, the government alleges as follows: The defendant submitted urine specimens that tested positive for marijuana on August 15 and September 24, 2007; and November 13 and November 24, 2008. Additionally, she submitted urine specimens that tested positive for cocaine on December 10, 2008 and January 29, 2009.

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances. Specifically, the government alleges as follows: The defendant submitted urine specimens that tested positive for marijuana on August 15 and September 24, 2007; and November 13 and November 24, 2008. Additionally, she submitted urine specimens that tested positive for cocaine on December 10, 2008 and January 29, 2009.

8) The defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month. Specifically, the government alleges as follows: The defendant submitted delinquent written monthly reports for the months of February, April and September 2007; and February, March, June and September 2008.

9) The defendant shall participate in a program approved by the U. S. Probation Office for treatment or narcotic addition or drug or alcohol dependent which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol. Specifically, the government alleges as follows: The defendant failed to report for random drug testing as directed at Bob Alterman, LCDC, on April 11, November 21, December 22 and December 29, 2008; and January 7, 2009.

The court scheduled a final revocation hearing for March 9, 2009. At the hearing on the government's petition, and after consenting to the undersigned's taking the plea, the defendant pled true to all of the allegations as set forth above. Based on the defendant's plea of true to the allegations, and with no objection by the defendant or the government, the court found that the defendant did violate her conditions of supervised release as alleged in the U.S. Probation Office's petition.

The court thereafter recommended that the defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 14 months with no supervised release to follow. Based on the foregoing, it is

**RECOMMENDED** that the defendant's plea of true to the allegations as set forth in the government's petition be **ACCEPTED**. Based upon the defendant's plea of true to the allegations, it is further recommended that the Court find that the defendant violated the conditions of her supervised release. It is further

**RECOMMENDED** that the defendant's supervised release be **REVOKED**. It is further

**RECOMMENDED** that the defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 14 months, with no term of supervised release to follow such term of imprisonment.

**RECOMMENDED** that the court request that the Bureau of Prisons place the defendant in its Fort Worth, Texas, facility during the period of her confinement.

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this report. Defendant waived her right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 23rd day of March, 2009.

                                                  _____
                                                  CHARLES EVERINGHAM IV
                                                  UNITED STATES MAGISTRATE JUDGE